## Case No. 15,563.

UNITED STATES v. LARKIN et al.

[Hoff. Land Cas.. 41.] [1]

District Court, N. D. California.  June Term, 1855.[2]

MEXICAN LAND GRANTS — APPROVAL OF DEPARTMENTAL ASSEMBLY.

Under the decision of the supreme court in U. S. v. Fremont [18 How. (59 U. S.) 30], this claim must be confirmed.

Claim for eleven leagues of land on the west bank of the Sacramento river, confirmed by the board, and appealed by the United States.

[This was a claim by Thomas O. Larkin and John S. Missroon for the Jimeno rancho in Colusi and Yuba counties, containing 48,854.26 acres.]

S. W. Inge, U. S. Atty.
A. C. Whitcomb, for appellees.

HOFFMAN, District Judge. In this case the claim of the appellees was confirmed by the board of commissioners. An appeal from that decision was taken to this court. But the case has been submitted by the district attorney without the statement of any objection to the validity of the claim on the part of the United States. The original grant by Governor Micheltorena to Manuel Jimeno is dated in November, 1844. The conveyance to the present claimants is dated August 30, 1847. The grant is fully proved. Nor is its genuineness called in question. The grant appears to have been submitted to the departmental assembly, and referred to a committee on vacant lands, June 3, 1846, but no further action on it is shown to have been had.

The expediente, however, was returned to and is found among the government archives. Had the action of the assembly been unfavorable, the governor should have transmitted it to the supreme government for its resolution. Regulations of 1828, § 6. The fact, therefore, that the expediente was not so transmitted, but was returned like other approved grants to the archives, renders it highly probable that the approval of the assembly was actually obtained. The absence, however, of that approval has been held by the supreme court to be no obstacle to the confirmation of the claim. It is unnecessary, therefore, to determine whether the evidence in this case is sufficient to raise the presumption that the assembly actually approved the grant. The land claimed by the appellees is described in the original grant as "the tract of land which is unoccupied between the rancho which has been granted to the children of Don Tomas O. Larkin, the river Sacramento and the uncultivated lands which are on the side of the south, entirely in conformity with the showing in the corresponding plan."

On reference to the plan or map found in the expediente,' we find the boundaries of the tract granted laid down with considerable precision. The first or northern boundary is the rancho granted to the children of Don Tomas O. Larkin. The eastern boundary is the Sacramento river; the southern is a large estero, (marked on the map "lindero," or boundary) running into the Sacramento about two leagues above, as appears by the scale upon the diseño, the mouth of Feather river. Nothing appears on the map to indicate the locality of the western boundary. That boundary is evidently an imaginary line running parallel with the Sacramento, and as far distant therefrom in a westerly direction as to embrace within the tract the quantity of land granted. There is no difficulty, therefore, in ascertaining the locality of the land granted, nor has any objection of that kind been raised.

There is no evidence that the grantee took possession of his land. The grant, however, does not contain the usual condition of cultivation and habituation within a year. The omission of this condition may possibly have been owing to the fact that the grantee was already in possession of the land. It appears, however, from the evidence, that from the latter part of 1844 until the end of 1847, it was unsafe to go into the valley of the Sacramento unless in the vicinity of Capt. Sutter's fort. From 1844, the time of the grant, until its final occupation by the American forces, the country was distracted by the wars between Micheltorena and Pio Pico, and between the latter and Castro. It is well known that during this state of things the uncivilized Indians became more turbulent, and were dangerous to the frontier settlements, which were not strong enough to resist them. In 1847 the rancho was taken possession of and extensively stocked by the present claimants, and this seems to have been the earliest moment when the settlement could have been effected.

The circumstances in this case are almost identical with those in the case of U. S. v. Fremont [18 How. (59 U. S.) 30], and under the authority of that case the excuses for the nonfulfillment of the conditions must be deemed sufficient. There is nothing in the case from which an abandonment of the grant can be inferred. We think, therefore, that the decision of the board should be affirmed, and the claim of the appellees be decreed to be valid.

———

[1] [Reported by Numa Hubert, Esq., and here reprinted by permission.]

[2] [Affirmed in 18 How. (59 U. S.) 557.]

[Upon being taken on an appeal to the supreme court, the judgment of this court was affirmed. Mr. Justice Campbell dissenting. 18 How. (59 U. S.) 557.]